POLSTON, C.J.,
concurring in part and dissenting in part.
I concur with the majority’s holding that Lakeview Reserve has standing pursuant to its statutory authority. I further conclude that implied warranties of fitness and merchantability apply to a builder/developer’s improvements that provide essential services to a residence, so that a homeowner has recourse for the injury to the residence. It is worth reiterating that these implied warranties apply only to a builder/developer and not to homeowners selling their existing homes. I also agree with the majority’s conclusion that section 553.835, Florida Statutes (2012), does not apply retroactively to this case.[1]
However, I respectfully dissent because the majority opinion approves the Fifth District’s holding that the services at issue in this case are essential services even though there are disputed issues of fact over whether the damages relate to only common areas and not to individual residences. For example, Lakeview Reserve in its First Amended Complaint sought recovery for premature aging of portions of roadways and retention of water in designed “dry” retention ponds. It is difficult for me to see how these items could constitute a failure to provide essential services to a residence in the same manner as a lack of proper construction that would result in water flowing from a street into a residence. Accordingly, I would remand the disputed issues of fact for trial and quash the portion of the Fifth District’s decision which holds that the services at issue in this case are essential services.

. As Justice Canady notes, the majority's discussion of whether section 553.835 is constitutional when applied prospectively is entirely dicta, and I would not address the issue.